# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MATTHEW OHLINGER,

    **Plaintiff,**

v.                                            Case No. 3:16-cv-11678

BAILEY JARVIS;
KERSHAL GABRIELLS;
BAKER DENNISION; and
BREWER WOLFORD,

    **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983 and an incomplete Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 3). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action removed from the docket of the Court.

## I.    Relevant History

On December 5, 2016, Plaintiff filed the complaint herein and an incomplete Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 3). On December 20, 2016, the undersigned entered an Order instructing Plaintiff to file a fully

completed Application to Proceed Without Prepayment of Fees and Costs, or pay the $400 filing fee. (ECF No. 5). According to the docket, Plaintiff received a copy of the order. However, he did not comply with the court's order.

Approximately two months later, on February 9, 2017, the undersigned issued a show cause order, advising Plaintiff that this civil action would be dismissed for failure to prosecute and failure to comply with the previous order unless he could show good cause for retention of the case on the court's docket. According to the docket, the show cause order was received by Plaintiff, who remains incarcerated at the Anthony Correctional Center in White Sulphur Springs, West Virginia. (ECF No. 6). Considering that more than thirty days have elapsed since entry of the show cause order, this matter is ripe for disposition.

## II.  Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of

good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the order notifying him of his obligation to file a completed *in forma pauperis* application; yet, he failed to abide by that directive. Since receiving that order, Plaintiff has made no effort to check on the status of this case, nor has he notified the court that he wishes to voluntarily dismiss the action. Plaintiff also received the show cause order, advising him that the complaint would be dismissed unless he took steps to prosecute it; however, he

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

ignored that order as well. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for six months without any action by or communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has now disregarded two court orders, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. However, given that the statute of limitations presumably has not expired on Plaintiff's claims, the undersigned recommends that the dismissal be without prejudice.

### III. <u>**Proposal and Recommendation**</u>

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

4

for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**:  May 11, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge